## L. N. BATTLE AND ANOTHER V. S. MACK.

1. The force of law has not been conceded in this country to any " custom of merchants " to pay reclamations on cotton alleged to be " false packed," on no other evidence than a certificate, sworn or otherwise, of a broker, or of the last consignee or purchaser.

2. A planter delivered cotton to B. & M., his commission merchants in this State, to be forwarded by them to New York for sale. They consigned the cotton to their commission merchant in New York, who sold it to ·one D., by whom it was shipped to a house in Liverpool, and there sold. The purchaser there made reclamation on D., on the allegation that the cotton was " falsely packed," evidenced by a sworn certificate of a broker and representations of the Liverpool consignees. D. paid the reclamation, and on the same evidence it was refunded to him by the New York merchant, who was reimbursed on the same evidence by B. & M., who, in the meantime, had fully accounted and settled with the planter for the proceeds of the cotton, and the planter himself had departed this life. B. & M. bring this suit against the representatives of the planter for the amount so paid by them on reclamation. *Held,* that the relation of principal and agent between the planter and B. & M. ceased at the time of their settlement, or at all events their agency for him was revoked by his death ; and therefore this litigation does not involve the relation or the law of principal and agent. *Held, further,* that the reclamation made on and paid by B. & M. constituted no valid demand against the planter's estate, unless there was proof establishing the fact that the cotton was falsely packed, and the amount of loss resulting therefrom ; and that no custom of merchants to refund on a broker's certificate, or other extrajudicial evidence of the false packing and loss, would suffice to establish the liability of the defendants.

APPEAL from Wharton. Tried below before the Hon. I. B. McFarland.

The facts are sufficiently shown in the opinion of the court.

*W. H. Goddard* and *Edward Collier* for the appellants.

*George Quinan,* for the appellee.—I refer to these authorities : First—The general rule is that if one employ another in a par-

ticular transaction, trade or business, to act for him, the employer is presumed to authorize the employé to act in the manner which best accords with the usages of trade and the laws of the place as applicable to that business in which employed. (Bateman on Commercial Law, 301.)

Second—Cotton is sold by sample, and a sale by sample is a sale with warranty. · (Hilliard on Sales, 270.)

Third—A vendor is not exempted from his liability upon a warranty implied by a sale by sample, by the fact that he is a mere agent and generally known as a commission merchant. (Hilliard on Sales, 271.)

Fourth—Where the agent has faithfully discharged his trust, all damages that he may have sustained in the execution of his trust, or in consequence of the course of conduct which that trust imposed upon him, must be borne by his principal. (Bateman on Commercial Law, 324.)

Fifth—Where a factor has authority to do an act in his own name, the death of his principal will not *ipso facto* determine such authority. (Paley on Agency, 187, note; Russel on Factors, 317.)

WALKER, J.—In 1859 Blum & Mayblum were commission merchants, residing and doing business at Richmond, Texas. Zeno P. Walker was a planter, residing in Wharton county. He had raised one hundred and fifty-four bales of cotton, which he delivered to Blum & Mayblum, to be shipped to New York for sale. They consigned the cotton to Nelson, Clements & Co., New York, who sold one hundred and thirty bales of it to one Dixie; the remaining twenty-four bales were sold to other parties, and nothing more is heard of them. Dixie shipped the one hundred and thirty bales to Liverpool, consigned to McLean, Morris & Co., who sold the cotton, but to whom we are not informed. It is a principle of the law that when goods are sold by sample the invoice must correspond with the sample, but it does not appear from the evidence

in this case that this cotton was so sold. It was charged in the original petition that when the cotton came to be examined it was found to be falsely packed, but the evidence by no means satisfies us of the identity of the cotton.

The testimony of one witness, who superintended the packing of Walker's cotton, proves positively that there was no false packing, and that Walker's cotton was good and merchantable. It appears, however, that the last purchaser of the cotton claimed damages from McLean, Morris & Co. to the amount of about seven hundred and fifty dollars, which they claim to have paid, on the ground that the cotton was found to be "false packed."

And this sum appears to have been refunded, from hand to hand, back to Blum & Mayblum, who also claim to have paid the money to Nelson, Clements & Co., their New York consignees. Prior to the payment by Blum & Mayblum, they had settled their accounts with Zeno P. Walker, and he had died.

The claim does not appear ever to have been litigated, nor any higher evidence of its validity required than a mere certificate, handed back from merchant to merchant under what, it is claimed, was a custom among merchants in like cases.

If such be true, no like custom of merchants has yet acquired the force of law in this country. At one time Blum & Mayblum were the agents of Zeno P. Walker. Their agency continued as a special agency until the object of its creation had been accomplished; and for all legitimate purposes connected with the shipment of these hundred and fifty-four bales of cotton, it may have continued until the death of Zeno P. Walker, but certainly no longer. The death of the principal revoked the agency, and it cannot be contended that the controversy here is one between principal and agent, and to be settled by the law governing like cases. Walker having died before the commencing of this suit, Leticia N. Walker, who has intermarried with Charles J. Battle, is now the party to this suit. Mayblum is the successor to Blum & May-

blum, and Simeon Mack is the assignee in bankruptcy of Mayblum. On the trial in the district court a jury was waived by both parties, and we are left to render such judgment in the premises as we think the district court should have rendered, and upon the following authorities, cited from the briefs of plaintiffs in error : Bell county v. Hugh Alexander *et al.,* 22 Texas Reports, page 350; Story on Agency, third edition, §§ 108, 336, 341, 349, 473, 488 and note; Smith's Mercantile Law (Holcomb & Gholson's edition), pages 153, 183 and 195; 2 Kent's Commentaries (marginal), page 646, forty-first lecture ; Hunt v. Rousmanier, administrator, Condensed Reports of the Supreme Court of the United States, 5 Wheaton, page 401 (properly 8 Wheaton); Riggs *et al.* v. Cage, 2 Humphrey's Tenn. Reports, page 350, the judgment of the district court is reversed, and the cause dismissed.

Reversed and dismissed.